During the years 1925 to 1927 inclusive, the Larson Coal Company, a corporation, was engaged in the business of mining coal in this state. It employed numerous workmen and for the year ending August 31, 1926, was in default in the sum of $39.88 on a premium which it was required to pay into the Workmen's Compensation Bureau. The statutory penalties prescribed by § 396a8 of the supplement increased *Page 490 
its indebtedness to the bureau on such delinquency to the extent of $25.20 at least, up to the end of February, 1927. In addition the company was owing the premium for the year Sept. 1, 1926 to August 31, 1927 in the sum of $134.88. Under the provision of the section just quoted the company had the option of paying in quarterly or semiannual instalments but not less than $50 at a time, with interest at 5 per cent per annum. Thus at the end of January, 1927, the company was in default for a portion of the 1925-26 premium with penalties amounting in all to $65.08, and $50 of the premium for 1926-27 at 5 per cent interest.
The plaintiff was employed by this company, and on January 25, 1927, while in such employ and in the course of his employment, was injured. He filed his claim for compensation with the Workmen's Compensation Bureau but on July 22, 1927, the bureau rejected the claim on the ground that the employer was not insured at the time of the accident and therefore the plaintiff did not have the right to share in the fund under the control of the bureau.
Notwithstanding the fact that on August 31, 1926, the company was in arrears the bureau failed to certify the default to the attorney general as required by the provisions of § 396a8, and it was not until April, 1927, that action was brought and garnishment proceedings instituted against the company for the unpaid premium. On or about August 20, 1927, the plaintiff appealed to the district court of Ward county from the action of the bureau in rejecting his claim and in September, 1927, an answer was served in the nature of a general denial, except the bureau admitted that the Larson Coal Company was the employer of the plaintiff and that the plaintiff was injured. The answer further alleged that the Larson Coal Company had failed to pay the premiums due and therefore plaintiff was not insured at the time of the injury.
On September, 1927, the bureau received from the garnishee the sum of $121 and from the Larson Coal Company the sum of $93.74 to be applied upon past due premiums, penalties and costs, and on receipt of these payments made the allocation and then formally determined the date upon which the right of the employees of the Larson Coal Company to participate in the fund should cease.
Although the appeal was taken to the district court in August, 1927, *Page 491 
it did not come on for trial until Feb. 27, 1928. In the meantime and on Jan. 3, 1928 "without notice to the plaintiff and without any attempt to get jurisdiction over him or any motion in court and without plaintiff's consent and in his absence defendant made a record in its office" to the effect that the payments made had now carried the insurance of the company to a period past the time of the accident and therefore it took up the application of the plaintiff and allowed him the sum of $169.71 as total compensation for his injury, including the doctor's bill and hospital bill. On or before trial in the district court no motion was made to remand the application to the bureau nor any amendment of the answer made showing the allowance of the claim by the bureau. In April, 1928, the plaintiff recovered judgment in district court against the bureau in the sum of $4,774.60 for his injuries, $41.30 for his costs and $400 as attorney's fees.
The bureau has appealed to this court and the issues involved center around the contention that the undisputed facts show plaintiff was not entitled to share in the fund at the time of his accident, and that as soon as his right to share in the fund came into existence the bureau had the sole and exclusive jurisdiction to determine the facts in the case and the amount of compensation, and that the district court, having no jurisdiction in the matter, should have dismissed the appeal.
The Workmen's Compensation Bureau is the trustee of the fund created by the contributions of employers subject to the act. Under the terms of the act provision is made for the ascertainment of the amount due from employers and the collection of the premiums assessed, to the end that the employees of such employers may have speedy relief from the effects of industrial accidents. This trust fund must be disbursed according to law. It is not within the province of the bureau to pay out any portion of the fund to those not entitled to the same. Employees not injured in the course of employment are not entitled to participate in the fund, nor may employees of employers who have not contributed to the fund participate in the fund so long as the employers are in default. Provision is made for the compelling of payment of premiums so as to protect the employees and under the provisions of § 396a10 the bureau is distinctly limited in its disbursements of the funds "to such employees of employers as have paid into the said fund the premiums applicable to the classes to which they *Page 492 
belong, who have been injured in the course of their employment, wheresoever such injuries have occurred. . . ." Provision is made for the protection of employees of employers who are in default in this that while such employees may not participate in the fund while default exists yet whenever the premium is collected such employees are entitled to the benefits of the fund, and in the case of a partial payment the bureau determines the date to which the payment carries the employees. Under the provisions of § 396a8, when action is brought against an employer to compel the payment of the premium and judgment is entered, "the payment of any judgment rendered in any such action or the voluntary payment of the amount of premium, penalties and costs prior to judgment, shall entitle the employer and the employee of such employer to the benefits of the act from the date of such pay-in-order." When the amount of the premium is ascertained the bureau issues a pay-in-order to the employer, and payment of the judgment reinstates the employer and the employees in their several rights under the Workmen's Compensation Act. In case of partial payment "the bureau shall determine the date upon which the right of the employers to participate in the fund shall cease." In other words if there be a partial payment the bureau determines how far this partial payment carries the employer and the employees in the exercise of their rights and privileges under the act.
It is clear therefore that under the facts in this case plaintiff was not entitled to participate in the fund at the time of the accident. A pay-in-order had been issued by the bureau; but the employer failed to obey said order and pay his premium. No determination was made by the bureau at that time as to "the date upon which the right of the Larson Company employees to participate in the fund" ceased and theretofore such employees had been entitled to participate in the fund. The law appears to be silent as to what shall be the procedure upon the default of the payment of the premium so far as formally determining the suspension of the rights of the employers to participate in the fund. It appears to be the policy of the law that the right ceases automatically, for it is only upon a partial payment of the judgment that such formal fixing of time is required. In other words a partial payment canceled the suspension of the rights, reinstated both employer and employees in their privileges under the act, and the duty rested *Page 493 
primarily with the bureau to determine how far this partial payment lifted the suspension.
When the bureau dismissed the application of the plaintiff on the ground that he had no right to participate in the fund it was merely stating his status in relation to the fund. There is dispute between the parties as to how far the partial payment of the judgment carried the employees, but a subsequent payment made before the trial in the district court effectually settled this dispute and at the time of the trial there was no question but what the plaintiff had the right to participate in the fund. Being one who was entitled to share in the fund it was the duty of the bureau to pass upon his claim. This duty is exclusively in the bureau. Appeal to the district court cannot be had in all cases for under the provisions of § 396a17 "the bureau shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon shall be final." It is only where the bureau "denies the right of the claimant to participate at all in the Workmen's Compensation Fund on the ground that the injury was self-inflicted, or on the ground that the accident did not arise in the course of his employment, or upon any other ground going to the basis of the claimant's right," that the claimant may appeal to the district court. The application was not denied on the ground that the injury was self-inflicted; it was not denied on the ground that the accident did not arise in the course of employment; nor was it denied on any ground going to the basis of his right. It was denied on the ground that he was not one of those who could participate in the fund. The right of appeal is given to those who are insured. If insured and the bureau denies his claim on the ground he is not protected against this particular injury, or there is no basis for his claim he may appeal to have this determined. The bureau may say, "You are insured but your injury is not such as is insured against because it was self-inflicted, or because it arose during the hours when you were not working, or for some other reason." The district court therefore had no jurisdiction to proceed to determine the amount due the plaintiff even though at that time plaintiff's suspension had been lifted. Being at that time one entitled to participate in the fund it was for the bureau exclusively to determine the amount of compensation.
In this case the bureau after having dismissed plaintiff's claim *Page 494 
undertook to determine the amount of compensation without notice to the claimant. This much must be conceded upon the record. The court was right in treating it as a nullity for the bureau would have no power to pass upon the rights of the claimant without notice to him.
The plaintiff most strenuously contends that dilatoriness on the part of the bureau and the constituted authorities in collecting the premium amounts to an estoppel which prevents the bureau from asserting that the rights of the plaintiff were suspended; that if the bureau had moved promptly the premium would have been collected and no confusion or conflict would have arisen. We are not prepared to say that the bureau may not at times be estopped from denying certain things, but the suspension of plaintiff's rights is not due to delay on the part of the bureau or the constituted authorities. The suspension was due to the default in the payment of the premium. Neither the bureau nor the attorney general's office is required to anticipate such default, but when the date fixed by the pay-in-order had passed without payment default set in and the suspension automatically occurred. The bureau is not estopped from setting up such facts. It may be the judgment could have been collected more speedily. This is a factor we do not pass upon, nor can we on the state of the record. The fact remains the suspension was lifted and thereafter it was exclusively within the province of the bureau to pass upon the claim. The district court should have dismissed the appeal, or remanded the application to the bureau to have the claim passed upon in accordance with the provisions of the statute. The judgment of the lower court therefore is reversed and the matter remanded to the bureau in order that the bureau may give the applicant sufficient notice of hearing and pass upon the merits of his claim.
NUESSLE, Ch. J., and BURKE, BIRDZELL, and CHRISTIANSON, JJ., concur.
 On Petition for Rehearing.